## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

STRYKER EUROPEAN OPERATIONS )
HOLDINGS LLC and HOWMEDICA )
OSTEONICS CORP., )                                C.A. No.
                               )
             Plaintiffs, )
                               )                  **JURY TRIAL DEMANDED**
      v. )
                               )
TREACE MEDICAL CONCEPTS, INC., )
                               )
             Defendant. )

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Stryker European Operations Holdings LLC ("SEOH") and Howmedica Osteonics Corp. ("Howmedica") (collectively, "Plaintiffs"), by and through their undersigned attorneys, for their Complaint against Defendant Treace Medical Concepts, Inc. ("Treace") hereby allege as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, § 100 *et seq*.  This action relates to Treace's infringement, either literally or under the doctrine of equivalents, of U.S. Patent Nos. 8,414,583 ("the '583 Patent"), 9,168,074 ("the '074 Patent"), 10,383,671 ("the '671 Patent"), and 12,059,186 ("the '186 Patent") (collectively, the "Asserted Patents").

2.      Stryker Corporation ("Stryker") is the ultimate parent corporation of Plaintiffs SEOH and Howmedica.  Stryker and its subsidiaries are leading innovators in the field of medical technology.  Since its founding in 1941, Stryker's mission has been and continues to be to produce innovative medical products that help improve patient and healthcare outcomes.  Stryker develops,

designs, manufactures, and sells innovative medical technologies in a variety of areas, including orthopaedics.

3.    One such product pioneered by Stryker and its subsidiaries, and sold in the United States by Howmedica, is the ToeTac® Xpress Hammertoe Fixation System (the "ToeTac® Xpress System"). The ToeTac® Xpress System is an intramedullary implant indicated for the fixation of osteotomies and reconstruction of the lesser toes following correction procedures for hammertoe, claw toe, and mallet toe. Howmedica is the exclusive distributor of the ToeTac® Xpress System in the United States.

4.    The United States Patent and Trademark Office has granted Stryker's subsidiaries several patents for the innovations embodied in the ToeTac® Xpress System, including, among others, the Asserted Patents.

5.    As alleged herein, on information and belief, Treace has infringed, continues to infringe, contributes to the infringement of, and/or induces the infringement by others of one or more claims of the Asserted Patents, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. §§ 271(a), (b), and/or (c) by manufacturing, using, importing, selling, and/or offering to sell in this District and the United States its Hammertoe PEEK Fixation System and other hammertoe implants that are not materially different from the Hammertoe PEEK Fixation System (the "Hammertoe Implants").

## THE PARTIES

6.    Plaintiff SEOH is a limited liability company organized and existing under the laws of Delaware, with its principal place of business at 1941 Stryker Way, Portage, Michigan 49002. SEOH owns the Asserted Patents.

7.    Plaintiff Howmedica is a New Jersey corporation, with its principal place of business at 325 Corporate Drive, Mahwah, New Jersey 07430.  Howmedica holds an exclusive license to the Asserted Patents to sell and offer for sale products that practice the Asserted Patents in the United States.  Howmedica is the exclusive distributor of the ToeTac® Xpress System in the United States.

8.    Treace is a Delaware corporation, with its principal place of business at 100 Palmetto Park Place, Ponte Vedra, Florida 32081.  Treace is registered with Delaware's Secretary of State as a business operating in Delaware under File Number 5552549, and has appointed the Corporation Trust Company, located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its registered agent for service of process in Delaware.  On information and belief, Treace is in the business of, among other things, manufacturing, using, importing, selling, and/or offering to sell in this District and the United States products that infringe the Asserted Patents.

## JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction over this action for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10.    This Court has personal jurisdiction over Treace because Treace is incorporated in Delaware.  Additionally, Treace has purposefully availed itself of the benefits and protections of Delaware's laws such that it would reasonably anticipate being haled into court here.  Specifically, Treace has purposefully availed itself of the benefits and protections of Delaware's laws by, among other things: (1) being incorporated in Delaware; (2) registering to do business in Delaware and appointing a registered agent in Delaware for receipt of service of process; and (3) manufacturing, using, importing, selling, and/or offering to sell medical products in this State and District that

3

infringe one or more claims of the Asserted Patents, therefore causing foreseeable harm and injury to Plaintiffs in this State and District.

11.    Venue is proper in this Court under 28 U.S.C. § 1400(b).  Specifically, venue is proper in this Court because Treace is incorporated in Delaware, and thus resides in this District for purposes of 28 U.S.C. § 1400(b).

### PLAINTIFFS' TOETAC® XPRESS SYSTEM

12.    Plaintiffs' ToeTac® Xpress System practices one or more claims from each of the Asserted Patents.  *See Trauma & Extremities Patents*, Stryker Corporation (last updated May 2025),  https://www.stryker.com/us/en/about/patents/trauma-and-extremities-patents.html (listing the Asserted Patents as covering the ToeTac® Xpress System).  Howmedica is the exclusive distributor of the ToeTac® Xpress System in the United States.

13.    Plaintiffs' ToeTac® Xpress System, shown below, is an intramedullary implant indicated for "the fixation of osteotomies and reconstruction of the lesser toes following correction procedures for hammertoe, claw toe, and mallet toe."

4



*See ToeTac® Xpress Hammertoe Fixation System*, Stryker Corporation, 1 (2016),

https://www.stryker.com/content/dam/stryker/foot-and-

ankle/products/toetac/resources/ToeTac%20Brochure.pdf; *ToeTac® Xpress Hammertoe Fixation*

*System – Operative Technique*, Stryker Corporation, 3 (2017),

https://www.stryker.com/content/dam/stryker/foot-and-

ankle/products/toetac/resources/ToeTac%20Operative%20Technique.pdf.

14.     The ToeTac® Xpress System is comprised of a cannulated drill bit, phalanx

reamers, a cannulated polyetheretherketone ("PEEK") implant, a cannulated tap, a cannulated

driver, and a K-wire.  As shown and described below, the intramedullary implant has an end with

threads and another end with teeth (*i.e.*, barbs), and the two ends of the implant are inserted into

two bones (*e.g.*, the middle phalanx and proximal phalanx):



## Step 4A: 0° implant insertion

Thread the cannulated implant over the K-wire and screw into the middle phalanx up to the laser marking line on the implant. Ensure that a laser mark line on the driver is facing dorsally. Remove driver and K-wire.



6



*ToeTac® Xpress Hammertoe Fixation System – Operative Technique*, Stryker Corporation, 4, 8, 10 (2017), https://www.stryker.com/content/dam/stryker/foot-and-ankle/products/toetac/resources/ToeTac%20Operative%20Technique.pdf (annotations added).

15.    Stryker has published instructional materials and videos, such as an "Operative Technique" guide and animated surgery demo, that provide step-by-step instructions for surgeons to perform a surgical procedure using the ToeTac® Xpress System.  *See id*.; *see also Stryker ToeTac Implant for Hammertoe Fixation Animation*, YouTube (June 10, 2024), https://www.youtube.com/watch?v=l6V2L_OP29o&t=21s.  Some of the key steps included in this surgical procedure include inserting the threaded portion of the implant in a first bone (*e.g.*, the middle phalanx), then inserting portion of the implant with the barbs (*i.e.*, teeth) in a second bone (*e.g.*, the proximal phalanx).  *See ToeTac® Xpress Hammertoe Fixation System – Operative Technique*, Stryker Corporation, 8-10 (2017), https://www.stryker.com/content/dam/stryker/foot-and-ankle/products/toetac/resources/ToeTac%20Operative%20Technique.pdf.    Stryker has marked its ToeTac® Xpress System as practicing each of the Asserted Patents.  *Trauma & Extremities Patents*, Stryker Corporation (last updated May 2025), https://www.stryker.com/us/en/about/patents/trauma-and-extremities-patents.html.

## THE ASSERTED PATENTS

### The '583 Patent

16.     On April 9, 2013, the United States Patent and Trademark Office duly and legally issued the '583 Patent, titled "Resorptive Intramedullary Implant Between Two Bones or Two Bone Fragments," naming Bernard Prandi, Marc Augoyard, Thomas Ledermann, Tristan Meusnier, Jacques Peyrot, and Judith Fellmann as the inventors.  The '583 Patent claims priority to a foreign patent application and the '583 Patent has a priority date that is at least as early as September 9, 2008.  A true and correct copy of the '583 Patent is attached hereto as Exhibit 1.

17.     The '583 Patent is directed to an intramedullary implant for use between two bones or bone fragments.  Figure 1 of the '583 Patent is an exemplary embodiment:



'583 Patent at FIG. 1.  Figure 7 of the '583 Patent "shows the positioning of the implant according to the invention between two bone parts [0]1 and [0]2":



**Fig. 7**

*Id.* at FIG. 7, 3:7-9.

18.     SEOH is the owner by assignment of the '583 Patent, and Howmedica holds an exclusive license to the '583 Patent to sell and offer for sale products that practice the '583 Patent in the United States.  Together, Plaintiffs have the full right to sue and to recover for damages from infringement of the '583 Patent.

19.     The '583 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

### The '074 Patent

20.     On October 27, 2015, the United States Patent and Trademark Office duly and legally issued the '074 Patent, titled "Resorptive Intramedullary Implant Between Two Bones or Two Bone Fragments," naming Bernard Prandi, Marc Augoyard, Thomas Ledermann, Tristan Meusnier, Jacques Peyrot, and Judith Fellmann as the inventors.  The '074 Patent is directed to an intramedullary implant for use between two bones or bone fragments.  The '074 Patent is a continuation of U.S. Patent Application No. 12/918,105, which issued as the '583 Patent, and the '074 Patent has a priority date that is at least as early as September 9, 2008.  A true and correct copy of the '074 Patent is attached hereto as Exhibit 2.

21.    SEOH is the owner by assignment of the '074 Patent, and Howmedica holds an exclusive license to the '074 Patent to sell and offer for sale products that practice the '074 Patent in the United States.  Together, Plaintiffs have the full right to sue and to recover for damages from infringement of the '074 Patent.

22.    The '074 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

23.    Additionally, the United States Patent and Trademark Office has previously denied institution of *inter partes* review of the '074 Patent.  *See OsteoMed, LLC v. Stryker European Operations Holdings LLC*, IPR2022-00486, Paper No. 8 (P.T.A.B. Aug. 12, 2022) (denying *inter partes* review); *id.* at Paper No. 12 (Dec. 23, 2022) (denying request for rehearing of Aug. 12, 2022 denial).

### The '671 Patent

24.    On August 20, 2019, the United States Patent and Trademark Office duly and legally issued the '671 Patent, titled "Resorptive Intramedullary Implant Between Two Bones or Two Bone Fragments," naming Bernard Prandi, Marc Augoyard, Thomas Ledermann, Tristan Meusnier, Jacques Peyrot, and Judith Fellmann as the inventors.  The '671 Patent is directed to methods for performing arthrodesis or osteosynthesis (*i.e.*, certain surgical procedures) that use an intramedullary implant between two bones or bone fragments.  The '671 Patent is a divisional of U.S. Patent Application No. 13/795,946, which issued as the '074 Patent, and the '671 Patent has a priority date that is at least as early as September 9, 2008.  A true and correct copy of the '671 Patent is attached hereto as Exhibit 3.

25.    SEOH is the owner by assignment of the '671 Patent, and Howmedica holds an exclusive license to the '671 Patent to sell and offer for sale products that practice the '671 Patent

RLF1 33023412v.1

in the United States.  Together, Plaintiffs have the full right to sue and to recover for damages from infringement of the '671 Patent.

26.     The '671 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

**The '186 Patent**

27.     On August 13, 2024, the United States Patent and Trademark Office duly and legally issued the '186 Patent, titled "Resorptive Intramedullary Implant Between Two Bones or Two Bone Fragments," naming Bernard Prandi, Marc Augoyard, Thomas Ledermann, Tristan Meusnier, Jacques Peyrot, and Judith Fellmann as the inventors.  The '186 Patent is directed to an intramedullary implant for use between two bones or bone fragments.  The '186 Patent is a continuation of U.S. Patent Application No. 14/858,855, which issued as the '671 Patent, and the '186 Patent has a priority date that is at least as early as September 9, 2008.  A true and correct copy of the '186 Patent is attached hereto as Exhibit 4.

28.     SEOH is the owner by assignment of the '186 Patent, and Howmedica holds an exclusive license to the '186 Patent to sell and offer for sale products that practice the '186 Patent in the United States.  Together, Plaintiffs have the full right to sue and to recover for damages from infringement of the '186 Patent.

29.     The '186 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

**TREACE'S HAMMERTOE IMPLANTS**

30.     On information and belief, Treace manufactures, uses, imports, offers for sale, sells, and/or distributes in the United States and in this District its Hammertoe Implants, which include Treace's Hammertoe PEEK Fixation System.

11

31.    Like Stryker's ToeTac® Xpress System, Treace's Hammertoe PEEK Fixation System is indicated "for the fixation of osteotomies and reconstruction of the lesser toes following correction procedures for hammertoe, claw toe, and mallet toe." *Hammertoe Fixation System Instructions for Use*, Treace Medical Concepts, Inc. (May 2023), https://www.lapiplasty.com/uploads/2024/02/Instructions-for-use.pdf.  Treace's published guides for its Hammertoe PEEK Fixation System also indicate that it comprises "intramedullary" implants of differing sizes, and that such implants are inserted between two bones (*e.g.*, the middle phalanx and proximal phalanx).

### Intramedullary Hammertoe Fixation

The Treace Medical Concepts (TMC) Hammertoe Fixation System is composed of a variety of hammertoe PEEK implant sizes. The correct hammertoe PEEK implant size selection for the procedure is extremely important, and preoperative consideration of the proper fixation option will increase the potential for surgical success.

5.   *Implant Insertion into the Middle Phalanx*
Load the threaded portion of the hammertoe PEEK implant onto the guidewire within the middle phalanx. Next, advance the manual driver over the guidewire and onto the barbed segment of the implant until it is fully seated into the driver. Advance the threaded segment of the implant clockwise into the middle phalanx until the distal surface of the driver touches bone and the flats of the driver are facing direct dorsal. Ensure all threads are in bone and the smooth center span of the implant remains exposed. This will confirm the correct orientation of the implant prior to inserting into the proximal phalanx.

Caution: Avoid excessive force when inserting the implant into the intramedullary canal.

6.   *Implant Insertion into the Proximal Phalanx*
Withdraw the guidewire distally until the proximal tip is completely void from the barbed portion of the hammertoe PEEK implant. Compress the barbed segment of the implant manually or with forceps and insert into the pre-drilled proximal phalanx. Firmly apply axial compression to the joint so that the bone surfaces are fully apposed. Advance the guidewire proximally through the barbed portion of the implant. This will further deploy the barbed segments into the proximal phalanx. Remove the guidewire or continue to step 7.

*See Hammertoe Fixation System Surgical Technique*, Treace Medical Concepts, Inc., 2 (Oct. 2023), https://www.lapiplasty.com/uploads/2024/02/LBL-1405-9204.pdf.

32.    As shown below, Treace's Hammertoe PEEK Fixation System implant comprises an end with threads and an end with teeth (*i.e.*, barbs), and the two ends of the implant are inserted into two bones (*e.g.*, the middle phalanx and proximal phalanx):





*Hammertoe PEEK Fixation System Key Steps Guide*, Treace Medical Concepts, Inc., 1 (Aug. 2024), https://www.lapiplasty.com/uploads/2024/11/09-00054L.pdf (annotations added);

*Hammertoe PEEK Fixation System Sales Sheet*, Treace Medical Concepts, Inc., 1 (2024), https://www.lapiplasty.com/uploads/2024/02/M2457C-Hammertoe-Sales-Sheet.pdf (annotations added).

33.    Treace maintains a website where it advertises the Hammertoe PEEK Fixation System to surgeons and patients.  *See Hammertoe PEEK Fixation System*, Treace Medical Concepts, Inc., https://www.lapiplasty.com/surgeons/other-products/hammertoe-peek-fixation-system/ (last visited May 13, 2025); *Hammertoe PEEK Fixation System*, Treace Medical Concepts, Inc., https://www.lapiplasty.com/hammertoe/ (last visited May 13, 2025).  Treace also provides a "Sales Sheet," "Surgical Technique," "Instructions for Use," and "Key Steps Guide" for its Hammertoe PEEK Fixation System.  *See Hammertoe PEEK Fixation System*, Treace Medical Concepts, Inc., https://www.lapiplasty.com/surgeons/other-products/hammertoe-peek-fixation-system/ (last visited May 13, 2025) (links to all guides).  Treace further provides surgeons with a video demonstration of the Surgical Technique for its Hammertoe PEEK Fixation System on its website.  *Id.* (video available at "Watch Demo" link).

34.    Treace's instructional materials and videos provide surgeons with a step-by-step surgical procedure for using the Hammertoe PEEK Fixation System.  Treace's surgical procedure for using the Hammertoe PEEK Fixation System includes the key steps of inserting the threaded portion of the implant in a first bone (*e.g.*, the middle phalanx), then inserting the portion of the implant with the barbs (*i.e.*, teeth) in a second bone (*e.g.*, the proximal phalanx).  *See, e.g.*, *Hammertoe Fixation System Surgical Technique*, Treace Medical Concepts, Inc., 2 (Oct. 2023), https://www.lapiplasty.com/uploads/2024/02/LBL-1405-9204.pdf.

## COUNT I: INFRINGEMENT OF THE '583 PATENT

35.    Plaintiffs incorporate by reference each of the preceding paragraphs of this Complaint as if fully set forth herein.

14

36.    Treace has infringed and continues to infringe one or more claims of the '583 Patent, literally or under the doctrine of equivalents, including, without limitation, claim 1 in violation of 35 U.S.C. § 271(a) by manufacturing, using, importing, selling, and/or offering to sell in the United States, including within this District, at least its Hammertoe Implants.

37.    A claim chart demonstrating how the accused Treace Hammertoe Implants include each and every limitation of at least claim 1 of the '583 Patent is attached hereto as Exhibit 5 and is incorporated herein by reference.

38.    In addition to its direct infringement, on information and belief, Treace has indirectly infringed and continues to indirectly infringe one or more claims of the '583 Patent by knowingly and intentionally inducing others, including surgeons, to directly infringe the '583 Patent in violation of 35 U.S.C. § 271(b).

39.    On information and belief, Treace has had actual knowledge of the '583 Patent, or at least has been willfully blind to the existence of the '583 Patent, prior to the date of service of this Complaint.  At a minimum, Treace has had constructive knowledge of the '583 Patent because Stryker has marked its ToeTac® Xpress System with the '583 Patent on its website, at https://www.stryker.com/us/en/about/patents/trauma-and-extremities-patents.html.  Additionally, on information and belief, Treace monitors Stryker's product offerings, as evidenced at least by Treace filing a patent infringement lawsuit against Stryker. *Treace Med. Concepts, Inc. v. Stryker Corp.*, No. 2:24-cv-09763-JKS-MAH, ECF No. 1, 23 (D.N.J. Oct. 14, 2024).  Further, Treace has stated that it is "aware of several third-party patents of interest" and that "there can be no assurances that we do not infringe any patents or other proprietary rights held by third parties." *See* Treace Medical Concepts, Inc., Annual Report (Form 10-K) (Feb. 27, 2025), https://www.sec.gov/Archives/edgar/data/1630627/000095017025029029/tmci-20241231.htm.

Treace has also acknowledged that its competitors, "many of which have made substantial investments in patent portfolios . . . may have applied for or obtained . . . patents . . . that may prevent, limit or otherwise interfere with our ability to make, use, sell and/or export our products." *Id.* Treace identifies Stryker as the "leader in the orthopaedic foot and ankle market and has significant market share" (*id.*), and has sued Stryker for alleged infringement of patents relating to medical devices used in foot surgery. Given Treace's keen awareness of Stryker, its business, products, and market share, Treace is at least willfully blind to the existence of the '583 Patent if it claims that it is unaware of Stryker's patent protection of its hammertoe products that predate the launch of Treace's infringing hammertoe products. On information and belief, based on at least the number of employees of Treace who are former employees of Stryker or a Stryker affiliate and Treace's focus on Stryker and its product offerings as evidenced by at least the patent infringement lawsuit Treace has filed against Stryker, the '583 Patent is among the patents that Treace has been aware of since prior to the filing of this Complaint.

40.    Treace has actively induced and continues to actively induce the direct infringement of at least claim 1 of the '583 Patent by others, including surgeons, with knowledge or willful blindness to the fact that the acts induced constitute infringement of the '583 Patent. For example, Treace promotes the Hammertoe PEEK Fixation System on its website and encourages surgeons to use the Hammertoe PEEK Fixation System. *See Hammertoe PEEK Fixation System*, Treace Medical Concepts, Inc., https://www.lapiplasty.com/surgeons/other-products/hammertoe-peek-fixation-system/ (last visited May 13, 2025). Treace also provides surgeons with guides such as an "Instructions for Use," "Surgical Technique," and "Key Steps Guide" that contain step-by-step instructions for how to use the Hammertoe PEEK Fixation System in surgical procedures for hammertoe, claw toe, and mallet toe. *See id*. (links to all guides). Treace further provides a video

demonstration on its website that shows a surgery performed using the Hammertoe PEEK Fixation System and includes a voice over with directions for surgeons to follow. *See id.* (video available at "Watch Demo" link). Additionally, on information and belief, a Treace representative is typically present during procedures where a Treace product is used, including procedures involving Treace's Hammertoe Implants. On information and belief, each representative undergoes training on Treace's products and procedures, including Treace's Hammertoe Implants, which is intended to enable the representatives to provide useful information and guidance to surgeons before, during, and after each procedure.

41.     As another example, Treace also promoted the Hammertoe PEEK Fixation System at the American Orthopaedic Foot & Ankle Society ("AOFAS") meeting in at least 2023 in Louisville, Kentucky. *See Press Release – Treace Medical Concepts Announces Limited Market Release of New Complementary Technologies for Treating Bunions and Related Procedures*, Treace Medical Concepts, Inc. (Sept. 11, 2023), https://investors.treace.com/news-releases/news-release-details/treace-medical-concepts-announces-limited-market-release-new (stating the Hammertoe PEEK Fixation System "will be on display at Treace's exhibit booth (#119) at the upcoming [AOFAS] Annual Meeting 2023"). The AOFAS hosts annual meetings at which companies such as Treace set up exhibits to showcase their products and services to attendees such as orthopaedic surgeons, physicians, and allied health practitioners in the field of orthopaedic foot and ankle surgery. *See Annual Meeting – Exhibitor Information*, American Orthopaedic Foot & Ankle Society, https://www.aofas.org/annual-meeting/exhibitors (last visited May 13, 2025). Treace also promoted the Hammertoe PEEK Fixation System to surgeons at the 2024 American College of Foot and Ankle Surgeons (ACFAS) Annual Scientific Conference in Tampa, Florida. *See Press Release – Treace to Highlight Latest Product Innovations and ALIGN3D™ Study*

*Outcomes at the 2024 ACFAS Annual Scientific Conference*, Treace Medical Concepts, Inc. (Feb. 1, 2024), https://investors.treace.com/news-releases/news-release-details/treace-highlight-latest-product-innovations-and-align3dtm-study.

42.     On information and belief, Treace knows that, or is at least willfully blind to the fact that, its inducing acts (*e.g.*, distributing its instructional materials, publishing and demonstrating procedures for using the Hammertoe Implants, requiring its representatives to advise surgeons in using the Hammertoe Implants correctly, showcasing the Hammertoe Implants at industry conferences, and otherwise encouraging and instructing surgeons to use the Hammertoe Implants) have caused and are causing others, including surgeons, to perform surgical procedures using the Hammertoe Implants in a manner that directly infringes one or more claims of the '583 Patent, including at least claim 1.

43.     On information and belief, Treace's infringement of the '583 Patent has been and continues to be willful and deliberate.  Treace's willful conduct warrants enhanced damages under 35 U.S.C. § 284 and makes this an exceptional case that warrants an award of attorney fees to Plaintiffs under 35 U.S.C. § 285.

44.     Treace has committed and continues to commit all the above acts of infringement without license or authorization.

45.     The requirements of 35 U.S.C. § 287 have been met with respect to the '583 Patent.

46.     As a result of Treace's infringement of the '583 Patent, Plaintiffs have suffered damages and will continue to suffer damages.  Plaintiffs are entitled to recover damages adequate to compensate for Treace's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs.

47.    Treace's wrongful conduct has caused Plaintiffs irreparable harm.  Unless Treace is enjoined from directly infringing the '583 Patent and actively inducing infringement of the '583 Patent, Plaintiffs will continue to suffer irreparable harm for which they have no adequate remedy at law.  Pursuant to 35 U.S.C. § 283, a permanent injunction should be entered to prevent further infringement.

## COUNT II: INFRINGEMENT OF THE '074 PATENT

48.    Plaintiffs incorporate by reference each of the preceding paragraphs of this Complaint as if fully set forth herein.

49.    Treace has infringed and continues to infringe one or more claims of the '074 Patent, literally or under the doctrine of equivalents, including, without limitation, claim 1 in violation of 35 U.S.C. § 271(a) by manufacturing, using, importing, selling, and/or offering to sell in the United States, including within this District, at least its Hammertoe Implants.

50.    A claim chart demonstrating how the accused Treace Hammertoe Implants include each and every limitation of at least claim 1 of the '074 Patent is attached hereto as Exhibit 6 and is incorporated herein by reference.

51.    In addition to its direct infringement, on information and belief, Treace has indirectly infringed and continues to indirectly infringe one or more claims of the '074 Patent by knowingly and intentionally inducing others, including surgeons, to directly infringe the '074 Patent in violation of 35 U.S.C. § 271(b).

52.    On information and belief, Treace has had actual knowledge of the '074 Patent, or at least has been willfully blind to the existence of the '074 Patent, prior to the date of service of this Complaint.  At a minimum, Treace has had constructive knowledge of the '074 Patent because Stryker has marked its ToeTac® Xpress System with the '074 Patent on its website, at https://www.stryker.com/us/en/about/patents/trauma-and-extremities-patents.html.  Additionally,

on information and belief, Treace monitors Stryker's product offerings, as evidenced at least by Treace filing a patent infringement lawsuit against Stryker. *Treace Med. Concepts, Inc. v. Stryker Corp.*, No. 2:24-cv-09763-JKS-MAH, ECF No. 1, 23 (D.N.J. Oct. 14, 2024). Further, Treace has stated that it is "aware of several third-party patents of interest" and that "there can be no assurances that we do not infringe any patents or other proprietary rights held by third parties." *See* Treace Medical Concepts, Inc., Annual Report (Form 10-K) (Feb. 27, 2025), https://www.sec.gov/Archives/edgar/data/1630627/000095017025029029/tmci-20241231.htm. Treace has also acknowledged that its competitors, "many of which have made substantial investments in patent portfolios . . . may have applied for or obtained . . . patents . . . that may prevent, limit or otherwise interfere with our ability to make, use, sell and/or export our products." *Id.* Treace identifies Stryker as the "leader in the orthopaedic foot and ankle market and has significant market share" (*id.*), and has sued Stryker for alleged infringement of patents relating to medical devices used in foot surgery. Given Treace's keen awareness of Stryker, its business, products, and market share, Treace is at least willfully blind to the existence of the '074 Patent if it claims that it is unaware of Stryker's patent protection of its hammertoe products that predate the launch of Treace's infringing hammertoe products. On information and belief, based on at least the number of employees of Treace who are former employees of Stryker or a Stryker affiliate and Treace's focus on Stryker and its product offerings as evidenced by at least the patent infringement lawsuit Treace has filed against Stryker, the '074 Patent is among the patents that Treace has been aware of since prior to the filing of this Complaint.

53. Treace has actively induced and continues to actively induce the direct infringement of at least claim 1 of the '074 Patent by others, including surgeons, with knowledge or willful blindness to the fact that the acts induced constitute infringement of the '074 Patent. For example,

Treace promotes the Hammertoe PEEK Fixation System on its website and encourages surgeons to use the Hammertoe PEEK Fixation System. *See Hammertoe PEEK Fixation System*, Treace Medical Concepts, Inc., https://www.lapiplasty.com/surgeons/other-products/hammertoe-peek-fixation-system/ (last visited May 13, 2025). Treace also provides surgeons with guides such as an "Instructions for Use," "Surgical Technique," and "Key Steps Guide" that contain step-by-step instructions for how to use the Hammertoe PEEK Fixation System in surgical procedures for hammertoe, claw toe, and mallet toe. *See id.* (links to all guides). Treace further provides a video demonstration on its website that shows a surgery performed using the Hammertoe PEEK Fixation System and includes a voice over with directions for surgeons to follow. *See id.* (video available at "Watch Demo" link). Additionally, on information and belief, a Treace representative is typically present during procedures where a Treace product is used, including procedures involving Treace's Hammertoe Implants. On information and belief, each representative undergoes training on Treace's products and procedures, including Treace's Hammertoe Implants, which is intended to enable the representatives to provide useful information and guidance to surgeons before, during, and after each procedure.

54.    As another example, Treace also promoted the Hammertoe PEEK Fixation System at the American Orthopaedic Foot & Ankle Society ("AOFAS") meeting in at least 2023 in Louisville, Kentucky. *See Press Release – Treace Medical Concepts Announces Limited Market Release of New Complementary Technologies for Treating Bunions and Related Procedures*, Treace Medical Concepts, Inc. (Sept. 11, 2023), https://investors.treace.com/news-releases/news-release-details/treace-medical-concepts-announces-limited-market-release-new (stating the Hammertoe PEEK Fixation System "will be on display at Treace's exhibit booth (#119) at the upcoming [AOFAS] Annual Meeting 2023"). The AOFAS hosts annual meetings at which

companies such as Treace set up exhibits to showcase their products and services to attendees such as orthopaedic surgeons, physicians, and allied health practitioners in the field of orthopaedic foot and ankle surgery. *See Annual Meeting – Exhibitor Information*, American Orthopaedic Foot & Ankle Society https://www.aofas.org/annual-meeting/exhibitors (last visited May 13, 2025). Treace also promoted the Hammertoe PEEK Fixation System to surgeons at the 2024 American College of Foot and Ankle Surgeons (ACFAS) Annual Scientific Conference in Tampa, Florida. *See Press Release – Treace to Highlight Latest Product Innovations and ALIGN3D™ Study Outcomes at the 2024 ACFAS Annual Scientific Conference*, Treace Medical Concepts, Inc. (Feb. 1, 2024), https://investors.treace.com/news-releases/news-release-details/treace-highlight-latest-product-innovations-and-align3dtm-study.

55.    On information and belief, Treace knows that, or is at least willfully blind to the fact that, its inducing acts (*e.g.*, distributing its instructional materials, publishing and demonstrating procedures for using the Hammertoe Implants, requiring its representatives to advise surgeons in using the Hammertoe Implants correctly, showcasing the Hammertoe Implants at industry conferences, and otherwise encouraging and instructing surgeons to use the Hammertoe Implants) have caused and are causing others, including surgeons, to perform surgical procedures using the Hammertoe Implants in a manner that directly infringes one or more claims of the '074 Patent, including at least claim 1.

56.    On information and belief, Treace's infringement of the '074 Patent has been and continues to be willful and deliberate. Treace's willful conduct warrants enhanced damages under 35 U.S.C. § 284 and makes this an exceptional case that warrants an award of attorney fees to Plaintiffs under 35 U.S.C. § 285.

57. Treace has committed and continues to commit all the above acts of infringement without license or authorization.

58. The requirements of 35 U.S.C. § 287 have been met with respect to the '074 Patent.

59. As a result of Treace's infringement of the '074 Patent, Plaintiffs have suffered damages and will continue to suffer damages. Plaintiffs are entitled to recover damages adequate to compensate for Treace's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs.

60. Treace's wrongful conduct has caused Plaintiffs irreparable harm. Unless Treace is enjoined from directly infringing the '074 Patent and actively inducing infringement of the '074 Patent, Plaintiffs will continue to suffer irreparable harm for which they have no adequate remedy at law. Pursuant to 35 U.S.C. § 283, a permanent injunction should be entered to prevent further infringement.

## COUNT III: INFRINGEMENT OF THE '671 PATENT

61. Plaintiffs incorporate by reference each of the preceding paragraphs of this Complaint as if fully set forth herein.

62. Treace has infringed and continues to infringe one or more claims of the '671 Patent, literally or under the doctrine of equivalents, including, without limitation, claim 9 in violation of 35 U.S.C. § 271(a) by using (*e.g.*, performing surgical procedures) in the United States, including within this District, at least its Hammertoe Implants, which are used in surgeries performed on the foot, including arthrodesis and osteosynthesis surgeries.

63. A claim chart demonstrating how Treace has performed and/or instructed and encouraged others to perform each and every step of at least claim 9 of the '671 Patent is attached hereto as Exhibit 7 and is incorporated herein by reference.

RLF1 33023412v.1

64.     On information and belief, Treace and/or surgeons acting on Treace's behalf, performed the method claimed in at least claim 9 of the '671 Patent while developing and/or testing the Hammertoe Implants and/or while developing the published Treace materials that provide instructions on how to use the Hammertoe Implants.  For example, Treace provides a video demonstration on its website that shows a surgery being performed using the Hammertoe PEEK Fixation System and includes a voice over with directions to educate surgeons on the proper method for using the Hammertoe PEEK Fixation System.  *Hammertoe PEEK Fixation System*, Treace Medical Concepts, Inc., https://www.lapiplasty.com/surgeons/other-products/hammertoe-peek-fixation-system/ (last visited May 13, 2025) (video available at "Watch Demo" link).  The performance of this surgery infringes the method claimed in at least claim 9 of the '671 Patent.  As another example, Treace has also published a "Key Steps Guide" that includes step-by-step instructions for how to perform a surgery using the Hammertoe PEEK Fixation System, along with images of an actual surgery that was performed following these steps.





*Hammertoe PEEK Fixation System Key Steps Guide*, Treace Medical Concepts, Inc., 1 (Aug. 2024), https://www.lapiplasty.com/uploads/2024/11/09-00054L.pdf.   The performance of this surgery likewise infringes the method claimed in at least claim 9 of the '671 Patent.

65.    Treace also works with and/or pays a Surgeon Advisory Board, surgeon consultants, and/or design surgeons for at least the design, development, and testing of Treace's products and surgical procedures.  *See Surgeon Advisory Board*, Treace Medical Concepts, Inc., https://www.treace.com/surgeon-advisory-board/ (last visited May 13, 2025) ("Members of our Surgeon Advisory Board are paid for their services under product development and fee for service agreements, and in some cases, royalty agreements ...."). On information and belief, Treace's Surgeon Advisory Board, surgeon consultants, and/or design surgeons assisted in the design, development, and/or testing of Treace's Hammertoe Implants. Treace Medical Concepts, Inc., Quarterly Report (Form 10-Q) (Sept. 30, 2024) at 14 ("The Company has entered into product development and fee for service agreements with members of its Surgeon Advisory Board and other surgeon consultants .... As products are commercialized with the assistance of members of the Surgeon Advisory Board and other surgeon consultants, the Company may agree to enter into a royalty agreement ...."), 17 ("In research and development, our team and surgeon consultants are continually working on next-generation innovations .... In 2023, ...  we began the market release of ... (2) the Hammertoe PEEK Fixation System designed to address hammertoe, claw toe and mallet toe deformities, which often present concomitantly with bunions ...."). Thus, on information and belief, Treace's Surgeon Advisory Board, surgeon consultants, and/or design surgeons performed the surgical method published by Treace for use of its Hammertoe PEEK Fixation System, and accordingly, infringed the method claimed in at least claim 9 of the '671 Patent.

26

66.    In addition, on information and belief, sales representatives and/or surgeon consultants acting on Treace's behalf, have performed and continue to perform the method claimed in at least claim 9 of the '671 Patent by performing surgery demonstrations using the Hammertoe Implants.  For example, on information and belief, Treace's sales representatives and/or surgeon consultants perform demonstrations of how to use Treace's Hammertoe PEEK Fixation System in a surgical procedure when promoting and selling the Hammertoe PEEK Fixation System to third party surgeons.  *See Hammertoe PEEK Fixation System – Full Market Release*, Vimeo, 18:30-20:25, https://vimeo.com/894187010 (last accessed May 13, 2025).

67.    In addition to its direct infringement, on information and belief, Treace has indirectly infringed and continues to indirectly infringe one or more claims of the '671 Patent by knowingly and intentionally inducing others, including surgeons, to directly infringe the '671 Patent in violation of 35 U.S.C. § 271(b).

68.    On information and belief, Treace has had actual knowledge of the '671 Patent, or at least has been willfully blind to the existence of the '671 Patent, prior to the date of service of this Complaint.  At a minimum, Treace has had constructive knowledge of the '671 Patent because Stryker has marked its ToeTac® Xpress System with the '671 Patent on its website, at https://www.stryker.com/us/en/about/patents/trauma-and-extremities-patents.html.  Additionally, on information and belief, Treace monitors Stryker's product offerings, as evidenced at least by Treace filing a patent infringement lawsuit against Stryker.  *Treace Med. Concepts, Inc. v. Stryker Corp.*, No. 2:24-cv-09763-JKS-MAH, ECF No. 1, 23 (D.N.J. Oct. 14, 2024).  Further, Treace has stated that it is "aware of several third-party patents of interest" and that "there can be no assurances that we do not infringe any patents or other proprietary rights held by third parties."  *See* Treace Medical Concepts, Inc., Annual Report (Form 10-K) (Feb. 27, 2025),

https://www.sec.gov/Archives/edgar/data/1630627/000095017025029029/tmci-20241231.htm.

Treace has also acknowledged that its competitors, "many of which have made substantial investments in patent portfolios . . . may have applied for or obtained . . . patents . . . that may prevent, limit or otherwise interfere with our ability to make, use, sell and/or export our products." *Id.* Treace identifies Stryker as the "leader in the orthopaedic foot and ankle market and has significant market share" (*id.*), and has sued Stryker for alleged infringement of patents relating to medical devices used in foot surgery. Given Treace's keen awareness of Stryker, its business, products, and market share, Treace is at least willfully blind to the existence of the '671 Patent if it claims that it is unaware of Stryker's patent protection of its hammertoe products that predate the launch of Treace's infringing hammertoe products. On information and belief, based on at least the number of employees of Treace who are former employees of Stryker or a Stryker affiliate and Treace's focus on Stryker and its product offerings as evidenced by at least the patent infringement lawsuit Treace has filed against Stryker, the '671 Patent is among the patents that Treace has been aware of since prior to the filing of this Complaint.

69.     Treace has actively induced and continues to actively induce the direct infringement of at least claim 9 of the '671 Patent by others, including surgeons, with knowledge or willful blindness to the fact that the acts induced constitute infringement of the '671 Patent. For example, Treace promotes the Hammertoe PEEK Fixation System on its website and encourages surgeons to use the Hammertoe PEEK Fixation System. *See Hammertoe PEEK Fixation System*, Treace Medical Concepts, Inc., https://www.lapiplasty.com/surgeons/other-products/hammertoe-peek-fixation-system/ (last visited May 13, 2025). Treace also provides surgeons with guides such as an "Instructions for Use," "Surgical Technique," and "Key Steps Guide" that contain step-by-step instructions for how to use the Hammertoe PEEK Fixation System in surgical procedures for

hammertoe, claw toe, and mallet toe.  *See id.* (links to all guides).  Treace further provides a video demonstration on its website that shows a surgery performed using the Hammertoe PEEK Fixation System and includes a voice over with directions for surgeons to follow.  *See id.* (video available at "Watch Demo" link).  Additionally, on information and belief, a Treace representative is typically present during procedures where a Treace product is used, including procedures involving Treace's Hammertoe Implants.  On information and belief, each representative undergoes training on Treace's products and procedures, including Treace's Hammertoe Implants, which is intended to enable the representatives to provide useful information and guidance to surgeons before, during, and after each procedure.

70.    As another example, Treace also promoted the Hammertoe PEEK Fixation System at the American Orthopaedic Foot & Ankle Society ("AOFAS") meeting in at least 2023 in Louisville, Kentucky.  *See Press Release – Treace Medical Concepts Announces Limited Market Release of New Complementary Technologies for Treating Bunions and Related Procedures*, Treace Medical Concepts, Inc. (Sept. 11, 2023), https://investors.treace.com/news-releases/news-release-details/treace-medical-concepts-announces-limited-market-release-new    (stating    the Hammertoe PEEK Fixation System "will be on display at Treace's exhibit booth (#119) at the upcoming [AOFAS] Annual Meeting 2023").  The AOFAS hosts annual meetings at which companies such as Treace set up exhibits to showcase their products and services to attendees such as orthopaedic surgeons, physicians, and allied health practitioners in the field of orthopaedic foot and ankle surgery.  *See Annual Meeting – Exhibitor Information*, American Orthopaedic Foot & Ankle Society  https://www.aofas.org/annual-meeting/exhibitors  (last visited May 13, 2025). Treace also promoted the Hammertoe PEEK Fixation System to surgeons at the 2024 American College of Foot and Ankle Surgeons (ACFAS) Annual Scientific Conference in Tampa, Florida.

*See Press Release – Treace to Highlight Latest Product Innovations and ALIGN3D™ Study Outcomes at the 2024 ACFAS Annual Scientific Conference*, Treace Medical Concepts, Inc. (Feb. 1, 2024), https://investors.treace.com/news-releases/news-release-details/treace-highlight-latest-product-innovations-and-align3dtm-study.

71.     On information and belief, Treace knows that, or is at least willfully blind to the fact that, its sales of Hammertoe Implants and inducing acts (*e.g.*, distributing its instructional materials, publishing and demonstrating procedures for using the Hammertoe Implants, requiring its representatives to advise surgeons in using the Hammertoe Implants correctly, showcasing the Hammertoe Implants at industry conferences, and otherwise encouraging and instructing surgeons to use the Hammertoe Implants) have caused and are causing others, including surgeons, to perform surgical procedures using the Hammertoe Implants that directly infringe one or more claims of the '671 Patent, including at least claim 9.

72.     In addition to its induced infringement, on information and belief, Treace has further indirectly infringed and continues to indirectly infringe one or more claims of the '671 Patent by knowingly and intentionally contributing to the infringement of at least claim 9 of the '671 Patent in violation of 35 U.S.C. § 271(c).

73.     Treace has offered for sale, sold, and/or imported into the United States the Hammertoe Implants.  Treace has also published and distributed instructional materials and videos that explain and demonstrate a particular method for using its Hammertoe Implants that infringes at least claim 9 of the '671 Patent.  For example, Treace promotes the Hammertoe PEEK Fixation System on its website and encourages surgeons to use the Hammertoe PEEK Fixation System.  *See Hammertoe PEEK Fixation System*, Treace Medical Concepts, Inc., https://www.lapiplasty.com/surgeons/other-products/hammertoe-peek-fixation-system/ (last

visited May 13, 2025).  Treace also provides surgeons with guides such as an "Instructions for Use," "Surgical Technique," and "Key Steps Guide" that contain step-by-step instructions for how to use the Hammertoe PEEK Fixation System in surgical procedures for hammertoe, claw toe, and mallet toe.  *See id.* (links to all guides).  Treace further provides a video demonstration on its website that shows a surgery performed using the Hammertoe PEEK Fixation System and includes a voice over with directions for surgeons to follow.  *See id.* (video available at "Watch Demo" link).

74.    On information and belief, Treace knows that, or is at least willfully blind to the fact that, its sales of Hammertoe Implants and accompanying acts such as distributing instructional materials, publishing and demonstrating procedures for using the Hammertoe Implants, and otherwise encouraging and instructing surgeons to use the Hammertoe Implants, have caused and are causing others, including surgeons, to perform surgical procedures using the Hammertoe Implants that directly infringe one or more claims of the '671 Patent, including at least the method of claim 9.

75.    Treace's Hammertoe Implants are material to practicing the claimed methods in the '671 Patent and not staple articles or commodities for commerce suitable for substantial non-infringing uses.  Additionally, on information and belief, Treace has known and knows that, or is at least willfully blind to the fact that, the Hammertoe Implants were and are especially made or especially adapted for use in a manner that infringes the claimed methods in the '671 Patent, and were and are being used in such manner.  For example, the only known use of Treace's Hammertoe PEEK Fixation System is for in the surgical procedures described in Treace's instructional materials and videos such as its "Surgical Technique," "Key Steps Guide," and video demonstration on its website, which infringe one or more methods claimed in the '671 Patent,

including at least the method of claim 9.  *See Hammertoe PEEK Fixation System*, Treace Medical Concepts, Inc., https://www.lapiplasty.com/surgeons/other-products/hammertoe-peek-fixation-system/ (last visited May 13, 2025) (Treace website with links to guides and video demo).  Such instructional materials and videos identify the Hammertoe PEEK Fixation System by name as the implant to be used during the described and demonstrated surgical procedures.

76.    On information and belief, Treace's infringement of the '671 Patent has been and continues to be willful and deliberate.  Treace's willful conduct warrants enhanced damages under 35 U.S.C. § 284 and makes this an exceptional case that warrants an award of attorney fees to Plaintiffs under 35 U.S.C. § 285.

77.    Treace has committed and continues to commit all the above acts of infringement without license or authorization.

78.    The requirements of 35 U.S.C. § 287 have been met with respect to the '671 Patent.

79.    As a result of Treace's infringement of the '671 Patent, Plaintiffs have suffered damages and will continue to suffer damages.  Plaintiffs are entitled to recover damages adequate to compensate for Treace's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs.

80.    Treace's wrongful conduct has caused Plaintiffs irreparable harm.  Unless Treace is enjoined from directly infringing the '671 Patent and actively inducing infringement of the '671 Patent, Plaintiffs will continue to suffer irreparable harm for which they have no adequate remedy at law.  Pursuant to 35 U.S.C. § 283, a permanent injunction should be entered to prevent further infringement.

## <u>COUNT IV: INFRINGEMENT OF THE '186 PATENT</u>

81.    Plaintiffs incorporate by reference each of the preceding paragraphs of this Complaint as if fully set forth herein.

82.    Treace has infringed and continues to infringe one or more claims of the '186 Patent, literally or under the doctrine of equivalents, including, without limitation, claim 10 in violation of 35 U.S.C. § 271(a) by manufacturing, using, importing, selling, and/or offering to sell in the United States, including within this District, at least its Hammertoe Implants.

83.    A claim chart demonstrating how the accused Treace Hammertoe Implants include each and every limitation of at least claim 10 of the '186 Patent is attached hereto as Exhibit 8 and is incorporated herein by reference.

84.    In addition to its direct infringement, on information and belief, Treace has indirectly infringed and continues to indirectly infringe one or more claims of the '186 Patent by knowingly and intentionally inducing others, including surgeons, to directly infringe the '186 Patent in violation of 35 U.S.C. § 271(b).

85.    On information and belief, Treace has had actual knowledge of the '186 Patent, or at least has been willfully blind to the existence of the '186 Patent, prior to the date of service of this Complaint.  At a minimum, Treace has had constructive knowledge of the '186 Patent because Stryker has marked its ToeTac® Xpress System with the '186 Patent on its website, at https://www.stryker.com/us/en/about/patents/trauma-and-extremities-patents.html.  Additionally, on information and belief, Treace monitors Stryker's product offerings, as evidenced at least by Treace filing a patent infringement lawsuit against Stryker.  *Treace Med. Concepts, Inc. v. Stryker Corp.*, No. 2:24-cv-09763-JKS-MAH, ECF No. 1, 23 (D.N.J. Oct. 14, 2024).  Further, Treace has stated that it is "aware of several third-party patents of interest" and that "there can be no assurances that we do not infringe any patents or other proprietary rights held by third parties."  *See* Treace Medical Concepts, Inc., Annual Report (Form 10-K) (Feb. 27, 2025), https://www.sec.gov/Archives/edgar/data/1630627/000095017025029029/tmci-20241231.htm.

Treace has also acknowledged that its competitors, "many of which have made substantial investments in patent portfolios . . . may have applied for or obtained . . . patents . . . that may prevent, limit or otherwise interfere with our ability to make, use, sell and/or export our products." *Id.* Treace identifies Stryker as the "leader in the orthopaedic foot and ankle market and has significant market share" (*id.*), and has sued Stryker for alleged infringement of patents relating to medical devices used in foot surgery. Given Treace's keen awareness of Stryker, its business, products, and market share, Treace is at least willfully blind to the existence of the '186 Patent if it claims that it is unaware of Stryker's patent protection of its hammertoe products that predate the launch of Treace's infringing hammertoe products. On information and belief, based on at least the number of employees of Treace who are former employees of Stryker or a Stryker affiliate and Treace's focus on Stryker and its product offerings as evidenced by at least the patent infringement lawsuit Treace has filed against Stryker, the '186 Patent is among the patents that Treace has been aware of since prior to the filing of this Complaint.

86.    Treace has actively induced and continues to actively induce the direct infringement of at least claim 10 of the '186 Patent by others, including surgeons, with knowledge or willful blindness to the fact that the acts induced constitute infringement of the '186 Patent. For example, Treace promotes the Hammertoe PEEK Fixation System on its website and encourages surgeons to use the Hammertoe PEEK Fixation System. *See Hammertoe PEEK Fixation System*, Treace Medical Concepts, Inc., https://www.lapiplasty.com/surgeons/other-products/hammertoe-peek-fixation-system/ (last visited May 13, 2025). Treace also provides surgeons with guides such as an "Instructions for Use," "Surgical Technique," and "Key Steps Guide" that contain step-by-step instructions for how to use the Hammertoe PEEK Fixation System in surgical procedures for hammertoe, claw toe, and mallet toe. *See id.* (links to all guides). Treace further provides a video

demonstration on its website that shows a surgery performed using the Hammertoe PEEK Fixation System and includes a voice over with directions for surgeons to follow. *See id.* (video available at "Watch Demo" link). Additionally, on information and belief, a Treace representative is typically present during procedures where a Treace product is used, including procedures involving Treace's Hammertoe Implants. On information and belief, each representative undergoes training on Treace's products and procedures, including Treace's Hammertoe Implants, which is intended to enable the representatives to provide useful information and guidance to surgeons before, during, and after each procedure.

87.     As another example, Treace also promoted the Hammertoe PEEK Fixation System at the American Orthopaedic Foot & Ankle Society ("AOFAS") meeting in at least 2023 in Louisville, Kentucky. *See Press Release – Treace Medical Concepts Announces Limited Market Release of New Complementary Technologies for Treating Bunions and Related Procedures*, Treace Medical Concepts, Inc. (Sept. 11, 2023), https://investors.treace.com/news-releases/news-release-details/treace-medical-concepts-announces-limited-market-release-new (stating the Hammertoe PEEK Fixation System "will be on display at Treace's exhibit booth (#119) at the upcoming [AOFAS] Annual Meeting 2023"). The AOFAS hosts annual meetings at which companies such as Treace set up exhibits to showcase their products and services to attendees such as orthopaedic surgeons, physicians, and allied health practitioners in the field of orthopaedic foot and ankle surgery. *See Annual Meeting – Exhibitor Information*, American Orthopaedic Foot & Ankle Society https://www.aofas.org/annual-meeting/exhibitors (last visited May 13, 2025). Treace also promoted the Hammertoe PEEK Fixation System to surgeons at the 2024 American College of Foot and Ankle Surgeons (ACFAS) Annual Scientific Conference in Tampa, Florida. *See Press Release – Treace to Highlight Latest Product Innovations and ALIGN3D™ Study*

*Outcomes at the 2024 ACFAS Annual Scientific Conference*, Treace Medical Concepts, Inc. (Feb. 1, 2024), https://investors.treace.com/news-releases/news-release-details/treace-highlight-latest-product-innovations-and-align3dtm-study.

88.     On information and belief, Treace knows that, or is at least willfully blind to the fact that, its inducing acts (*e.g.*, distributing its instructional materials, publishing and demonstrating procedures for using the Hammertoe Implants, requiring its representatives to advise surgeons in using the Hammertoe Implants correctly, showcasing the Hammertoe Implants at industry conferences, and otherwise encouraging and instructing surgeons to use the Hammertoe Implants) have caused and are causing others, including surgeons, to perform surgical procedures using the Hammertoe Implants in a manner that directly infringes one or more claims of the '186 Patent, including at least claim 10.

89.     On information and belief, Treace's infringement of the '186 Patent has been and continues to be willful and deliberate.  Treace's willful conduct warrants enhanced damages under 35 U.S.C. § 284 and makes this an exceptional case that warrants an award of attorney fees to Plaintiffs under 35 U.S.C. § 285.

90.     Treace has committed and continues to commit all the above acts of infringement without license or authorization.

91.     The requirements of 35 U.S.C. § 287 have been met with respect to the '186 Patent.

92.     As a result of Treace's infringement of the '186 Patent, Plaintiffs have suffered damages and will continue to suffer damages.  Plaintiffs are entitled to recover damages adequate to compensate for Treace's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs.

RLF1 33023412v.1

93.    Treace's wrongful conduct has caused Plaintiffs irreparable harm.  Unless Treace is enjoined from directly infringing the '186 Patent and actively inducing infringement of the '186 Patent, Plaintiffs will continue to suffer irreparable harm for which they have no adequate remedy at law.  Pursuant to 35 U.S.C. § 283, a permanent injunction should be entered to prevent further infringement.

## JURY DEMAND

94.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby request a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request the following relief against Treace:

A.    A judgment that Treace has directly infringed and is directly infringing, either literally or by the doctrine of equivalents, one or more claims of the Asserted Patents;

B.    A judgment that Treace has induced infringement and is inducing infringement by others, either literally or by the doctrine of equivalents, one or more claims of the Asserted Patents;

C.    A judgment that Treace has contributed to infringement and is contributing to infringement by others, either literally or under the doctrine of equivalents, of one or more claims of the '671 Patent;

D.    A permanent injunction enjoining Treace, and its officers, partners, agents, servants, employees, parents, subsidiaries, divisions, affiliate corporations, other related business entities, and all other persons acting in concert, participation, or in privity with them, and their successors and assigns, from further acts of infringement of the Asserted Patents;

E.    An award of damages or other monetary relief, together with pre-judgment interest, post-judgment interest, and costs, resulting from Treace's infringement of the Asserted

Patents in an amount equaling Plaintiffs' lost profits due to Treace's infringement and in all events in an amount no less than a reasonable royalty;

F.      A determination that Treace's infringement of the Asserted Patents has been and is willful, and an award of enhanced damages, up to and including trebling of the damages awarded to Plaintiffs;

G.      A determination that this an exceptional case under 35 U.S.C. § 285 and an award of attorneys' fees to Plaintiffs; and

H.      Such other and further relief as this Court may deem just and proper.

|  |  |
|---|---|
|  | /s/ Kelly E. Farnan |
| *Of Counsel:* | Kelly E. Farnan (#4395) |
|  | Richards, Layton & Finger, P.A. |
| Stephanie P. Koh | One Rodney Square |
| Rachel B. Zingg | 920 North King Street |
| SIDLEY AUSTIN LLP | Wilmington, DE 19801 |
| One South Dearborn Street | (302) 651-7700 |
| Chicago, IL 60603 | farnan@rlf.com |
| (312) 853-7000 |  |
| skoh@sidley.com | *Attorneys for Plaintiffs Stryker European* |
| rzingg@sidley.com | *Operations Holdings LLC and Howmedica* |
|  | *Osteonics Corp.* |
| Phillip M. Aurentz |  |
| Morgan R. Mendicino |  |
| SIDLEY AUSTIN LLP |  |
| 2021 McKinney Avenue, Suite 2000 |  |
| Dallas, TX 75201 |  |
| (214) 981-3300 |  |
| paurentz@sidley.com |  |
| mmendicino@sidley.com |  |

Dated:  May 22, 2025